FILED BY \_\_\_MM\_\_\_ D.C.

Mar 2, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**23-20100-CR-RUIZ/BECERRA**
Case No. _____

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

RYAN JAMES CRAWFORD,
a/k/a "Brody,"

       Defendant.

_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Relevant Terms

1. "Cryptocurrencies," "virtual currencies," "digital coins," and "digital tokens" were generally referred to as an asset issued and/or transferred using a distributed ledger or blockchain technology.

2. "Ethereum" was a type of cryptocurrency. Ethereum were generated and controlled through computer software operating via a decentralized, peer-to-peer network. Ethereum could be used for purchases or exchanged for other currency on currency exchanges. Ethereum was commonly known as "ETH."

3. A "cryptocurrency wallet" was a digital wallet used to store, send, and receive digital currency like Ethereum. Each digital wallet had a unique digital address containing letters and numbers that were used to send and receive cryptocurrency transactions.

4. An "artificial intelligence trading bot" was a purported computer software programmed to trade a stock or a digital asset based upon predetermined parameters.

## COUNTS 1–8
## Wire Fraud
## (18 U.S.C. § 1343)

1. The General Allegations section of this Indictment is hereby realleged and incorporated by reference.

2. From in or around June 2020, and through in and around March 2022, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**RYAN JAMES CRAWFORD,**
a/k/a "Brody,"

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money or property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by: (a) inducing investors to invest with the defendant through materially false and fraudulent pretenses, representations, and promises as to his historical and ongoing investment activity and successes, his technical ability to generate quick and significant returns on funds and cryptocurrency invested with him, the risks associated with their investments, and his access to sufficient funds to timely repay his investors; (b) diverting investors' funds and cryptocurrency for his own personal use and to cryptocurrency wallets under his control and the

control of accomplices; and (c) concealing the misappropriation of investor funds and cryptocurrency for his own personal use and benefit, for the benefit of others, and to further the fraud.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the scheme and artifice to defraud included, among other things, the following:

4. **RYAN JAMES CRAWFORD** recruited and induced dozens of individuals to invest at least approximately U.S. $800,000 worth of cash and cryptocurrency with him by falsely representing his stockbroker credentials, his past and present stock and cryptocurrency trading successes, and his ability to generate significant and rapid returns on low-risk investments.

5. **RYAN JAMES CRAWFORD** located investors through his participation in various social and professional networks, where he then lured individuals into the scheme by offering purported online classes on trading stocks and cryptocurrency. After individuals joined his online chat groups for trading stocks and cryptocurrency, **CRAWFORD** approached individuals through direct one-on-one online interstate wire communications to solicit investment funds and cryptocurrency.

6. Through these online messages, **RYAN JAMES CRAWFORD** typically requested a particular sum of cryptocurrency or cash equivalent and falsely and fraudulently promised his victims an exponential return by a date certain.

7. In order to convince his victims that their investments were supposedly safe and low-risk, **RYAN JAMES CRAWFORD** through interstate wire communications, falsely and fraudulently represented, among other things, that he was a highly successful trader, had access to substantial funds to timely repay his investors, and used an artificial intelligence trading bot that "never lost." **CRAWFORD** also sent his victims screenshots of fake accounts that purported to

show that his various stock market positions yielded gains valued at tens of millions of dollars.

8. Ultimately, **RYAN JAMES CRAWFORD** did not return any victim funds, let alone generate the exponential returns he promised. Rather, in some instances, he simply diverted investors' funds and cryptocurrency for his own personal use and the personal use of accomplices, including to pay for luxury rental cars and gambling at the casino. Other times, **CRAWFORD** used investors' cryptocurrency to personally make speculative trades, instead of using his purported artificial intelligence trading bot.

9. When some of the victims raised concerns about their investments, demanded refunds, or threatened to go to law enforcement, **RYAN JAMES CRAWFORD** falsely and fraudulently represented to these victims that return payments were on the way. Specifically, **CRAWFORD** sent the victims screenshots of purported pending checks and wires supposedly being transferred to the victims. In reality, **CRAWFORD** initiated, but never funded, the checks and wires so as to create the false appearance of pending payments.

10. To induce individuals to provide money to the defendant and his accomplices, **RYAN JAMES CRAWFORD** made numerous materially false and fraudulent statements to investors including, among other things, the following:

### Materially False Statements

(a) That **RYAN JAMES CRAWFORD** was a successful trader who had made tens to hundreds of millions of dollars through stock and cryptocurrency investments;

(b) That **RYAN JAMES CRAWFORD** was a licensed stockbroker;

(c) That **RYAN JAMES CRAWFORD** would invest investors' funds in various stocks and cryptocurrencies;

4

(d) That **RYAN JAMES CRAWFORD**, in some cases, would invest investors' funds using an artificial intelligence trading bot that traded hundreds of millions of dollars of stocks "24/7" and "never lost;"

(e) That **RYAN JAMES CRAWFORD** would guarantee a return of investors' principal by a date certain;

(f) That **RYAN JAMES CRAWFORD** would obtain and pay out to investors significant returns on their investments within a short period of time and by a date certain; and

(g) That **RYAN JAMES CRAWFORD** would repay, and in some cases had already repaid, the investors their funds through checks and wire transfers.

## USE OF WIRES

11. On or about the dates specified as to each count below, in the Southern District of Florida, and elsewhere, the defendant, for the purpose of executing, and in furtherance of, the aforesaid scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as more specifically described below:

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | September 28, 2020 | WhatsApp message from **RYAN JAMES CRAWFORD** to A.M. in which **CRAWFORD** represented that **CRAWFORD** would trade stocks for A.M.; take a 5% commission; and guarantee the $100,000.00 principal capital to A.M. by October 15, 2020, causing wire transmission from the Southern District of Florida to outside of Florida |
| 2 | October 1, 2020 | WhatsApp message from **RYAN JAMES CRAWFORD** to A.M. in which **CRAWFORD** stated, "I am literally a licensed stock broker," causing wire transmission from the Southern District of Florida to outside of Florida |

| COUNT | APPROX. DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 3 | October 16, 2020 | WhatsApp message from **RYAN JAMES CRAWFORD** to A.M. containing screenshot of purported pending check payment to A.M., causing wire transmission from the Southern District of Florida to outside of Florida |
| 4 | August 2, 2021 | WhatsApp message from **RYAN JAMES CRAWFORD** to S.A. in which **CRAWFORD** represented that if S.A. transferred him a second tranche of ETH worth U.S. $100,000, **CRAWFORD** would invest U.S. $100,000 in stocks and U.S. $100,000 in cryptocurrency, with a return of U.S. $1.7 million by Friday, August 6, 2021, causing wire transmission from the Southern District of Florida to outside of Florida |
| 5 | August 6, 2021 | WhatsApp message from **RYAN JAMES CRAWFORD** to S.A. containing screenshot of an email purporting to show a pending transfer of U.S. $198,000 to S.A., causing wire transmission from the Southern District of Florida to outside of Florida |
| 6 | October 13, 2021 | WhatsApp message from **RYAN JAMES CRAWFORD** to D.G. in which **CRAWFORD** stated he would provide U.S. $100,000 in three (3) days for each one (1) ETH, causing wire transmission from the Southern District of Florida to outside of Florida |
| 7 | October 13, 2021 | WhatsApp message from **RYAN JAMES CRAWFORD** to D.G. in which **CRAWFORD** sent a screenshot that purported to show various stock market positions reflecting gains valued at approximately U.S. $18.9 million, causing wire transmission from the Southern District of Florida to outside of Florida |
| 8 | October 19, 2021 | WhatsApp message from **RYAN JAMES CRAWFORD** to D.G. containing screenshot of purported pending transfers of CAN $800,000 and CAN $500,000 to D.G., causing wire transmission from the Southern District of Florida to outside of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE
### (18 U.S.C. § 981)

1. The allegations of this Indictment are hereby re-alleged and by reference incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **RYAN JAMES CRAWFORD, a/k/a "Brody"** has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or

personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
MARKENZY LAPOINTE
United States Attorney

_____
STEPHANIE HAUSER
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

RYAN JAMES CRAWFORD,
a/k/a "Brody,"
_____/
                    Defendant.

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division** (select one)
- ☑ Miami   ☐ Key West   ☐ FTP
- ☐ FTL     ☐ WPB

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of New Counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: _____

4. This case will take **8** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    ☐ 0 to 5 days
   - II   ☑ 6 to 10 days
   - III  ☐ 11 to 20 days
   - IV   ☐ 21 to 60 days
   - V    ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☑ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **No**
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: _____
STEPHANIE HAUSER
Assistant United States Attorney
FL Bar No.        92765

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** RYAN JAMES CRAWFORD, a/k/a "Brody"

**Case No:** _____

Counts #: 1–8

Wire Fraud

Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 years' imprisonment, as to each count
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: Three years, as to each count
* Max. Fine: $250,000 or twice the gross gain or twice the gross loss, as to each count

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.